# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: VEHICLE TRACKING AND SECURITY SYSTEM ('844 PATENT LITIGATION) | MDL NO. 11-2249 |
| PJC LOGISTICS, LLC<br><br>Plaintiff,<br><br>v.<br><br>AVERITT EXPRESS, INC., *et al.*<br><br>Defendants. | Civil No. 0:11-cv-02556-DWF-SER<br><br>**UPS GROUND FREIGHT, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM PURSUANT TO FED. R. CIV. P. 12(b)(6)** |

**TABLE OF CONTENTS**

INTRODUCTION .................................................................................................... 1

STATEMENT OF FACTS ....................................................................................... 2

    I.    ARGUMENT ..................................................................................... 3

        A.  PJC's Pleading Requirements............................................................. 3

        B.  PJC's Claim of Direct Infringement Should be Dismissed
           Because It Fails to Sufficiently Identify the Allegedly
           Infringing "Systems and Methods." ..................................................... 5

        C.  PJC Fails to State a Claim for Inducement of Infringement. ................ 8

        D.  PJC Fails to State a Claim for Contributory Infringement. ................. 10

CONCLUSION ...................................................................................................... 12

**INTRODUCTION**

Defendant UPS Ground Freight, Inc. ("UPS") respectfully moves this Court for an Order dismissing the Complaint of Plaintiff PJC Logistics LLC ("PJC") on the grounds that PJC's claims for purported direct and indirect infringement fail to state a claim upon which relief may be granted.

In order to cheaply mass - produce infringement claims against hundreds of defendants in nearly a dozen patent infringement suits across the country, PJC chose to forego providing proper allegations, and, instead, filed identical, generic allegations against each defendant. In particular, the Complaint in this specific action vaguely asserts that each of the thirty defendants:

> uses and/or directs its agents, employees, customers, or contracting entities to use, electronic position-based fleet management and tracking systems in its fleet of trucks, vans, or other vehicles that infringe the patent in suit . . . . Trucks, vans or other vehicles in [defendant's] fleet of trucks, vans or other vehicles operate in the State of Florida, including in this judicial district, while using the infringing electronic fleet management systems

(*See* D.I. 1 at ¶¶ 34-63.)

PJC's production line approach to patent litigation prejudices UPS in a number of ways because it does not identify or provide a sufficient description of the allegedly infringing "electronic fleet management system." Its allegations (i) limit UPS's ability to prepare its defenses (ii) make it impossible for UPS to respond to the Complaint (iii) impede UPS's ability to identify potential witnesses with relevant information or make any informed decision regarding document preservation; and (iv) impair UPS's

1

determination of its rights (if any) with regard to indemnification. UPS cannot take these basic steps to protect its interests because the Complaint fails to identify with any sort of particularity which of UPS's many systems constitute an "electronic fleet management systems" that purportedly infringe the patent-in-suit. In fact, PJC has accused two separate UPS entities (UPS and UPS, Inc..) of infringing the '844 patent by essentially identical conduct (*compare* D.I. 1 at ¶ 60 *with PJC Logistics, LLC v. AAA Cooper Transportation, Inc.,* No. 0:11-cv-02550, D.I. 1 at ¶ 38). As a result, PJC's allegations with regard to UPS miss the mark of Federal Rule of Civil Procedure 8(a)(2) and Form 18 because PJC fails to provide the specific facts necessary to ascertain which of UPS's systems constitute allegedly infringing "electronic fleet management systems." Therefore, PJC's complaint against UPS must be dismissed. Additionally, with regard to PJC's indirect infringement claims, PJC has not plead specific facts to meet the elements of inducement or contributory infringement and, accordingly, those claims must be dismissed for that additional reason.

## STATEMENT OF FACTS

On March 28, 2011, PJC filed this patent infringement suit against thirty defendants alleging infringement of U.S. Patent No. 5,223,844 ("the '844 Patent"). PJC accused each of the defendants of infringing unspecified claims of the '844 patent by "us[ing] and/or direct[ing], induc[ing], or instruct[ing] its agents, employees, customers, or contracting entities to use, electronic position-based fleet management and tracking systems in its fleet of trucks, vans, or other vehicles that infringe the patent in suit . . . ." For example, the allegations against UPS are as follows:

2

> Defendant UPS Ground Freight, Inc. uses, and/or directs, induces, or instructs its agents, employees, customers, or contracting entities to use, electronic position-based fleet management and tracking systems in its fleet of trucks, vans or other vehicles that infringe the patent in suit, as is alleged below. Trucks, vans or other vehicles in UPS Ground Freight, Inc.'s fleet of trucks, vans or other vehicles operate in the State of Florida, including in this judicial district, while using the infringing electronic fleet management systems.

(D.I. 1 at ¶ 60.) The Complaint does not identify any facts to support the identical allegations asserted against each defendant, and, in particular, the Complaint fails to identify any of UPS's systems that could possibly be encompassed by the allegations above. PJC's bare allegations do not and cannot serve to properly put defendants on notice of what actual products, services, or applications are being accused of infringement because PJC's allegations are identical with regard to each defendant, including two distinct UPS entities, who are accused of infringement by way of the same conduct (*compare* D.I. 1 at ¶ 60 *with PJC Logistics, LLC v. AAA Cooper Transportation, Inc.,* No. 0:11-cv-02550, D.I. 1 at ¶ 38). Alleging the mere use of "electronic fleet management systems" against logistics and delivery companies such as UPS—whose entire business may almost entirely comprise of "electronic fleet management systems"— cannot serve to identify the scope of the claims asserted against each defendant.

## ARGUMENT

### I. PJC'S PLEADING REQUIREMENTS.

Dismissal of a complaint is appropriate where a party fails to state a claim upon which relief may be granted. *See* Fed. R.Civ.P. 8(a); Fed.R.Civ.P. 12(b)(6). To state a claim for patent infringement sufficient to meet the requirements of Rule 12(b)(6), a

3

complaint must: (i) allege ownership of the asserted patent, (ii) name each individual defendant, (iii) cite the patent that is allegedly infringed, (iv) describe the means by which the defendants allegedly infringe the patent, and (v) point to the specific sections of the patent law invoked. *See Phonometrics, Inc. v. Hospitality Franchise Sys., Inc.*, 203 F.3d 790, 794 (Fed. Cir. 2000). Because an accused infringer is entitled to fair notice of the claims against it, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *McZeal v. Spring Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007) (citations omitted); *see also Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957) (complaint must provide the defendants with "fair notice of what the . . . claim is and the grounds upon which it rests")).

The United States Supreme Court[1] has held that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly,* 550 U.S. at 550 (2007)). To demonstrate plausibility, a plaintiff must go beyond pleading facts that, when assumed to be true, are "merely consistent with a defendant's liability," and must instead plead facts sufficient to permit the "reasonable

---

[1] The Supreme Court in *Iqbal* also made clear that the standard is not limited to antitrust actions, and in fact, applies "in all civil actions." *Iqbal*, 129 S. Ct. at 1953. *Iqbal* has since been cited in numerous patent cases as the applicable test for determining the sufficiency of a pleading. *See, e.g.*, *Clark v. Walt Disney Co.,* 642 F. Supp. 2d 775 (S.D. Ohio 2009).

4

inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556-57) (quotations omitted).

Under Rule 8, as explained by the Supreme Court, a plaintiff must plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949. A pleading that contains mere "'labels and conclusions'" or "'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 544). Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" because legal conclusions, as opposed to well-pled factual allegations, are not presumed to be true in the context of a motion to dismiss. *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556-57) (quotations omitted). Further, when the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." *Iqbal*, 129 S.Ct. at 1949-50 (citation omitted). In other words, the Court should assume the veracity of any well-pleaded factual allegations contained in the Complaint "and then determine whether they plausibly give rise to an entitlement for relief." *Id.* at 1950.

**II.   PJC'S CLAIM OF DIRECT INFRINGEMENT SHOULD BE DISMISSED BECAUSE IT FAILS TO SUFFICIENTLY IDENTIFY THE ALLEGEDLY INFRINGING "SYSTEMS AND METHODS."**

PJC's Complaint here fails to set forth facts to state a claim for relief that is plausible on its face, in particular because it both ( i) does not identify *how* UPS allegedly infringes the '844 Patent; and (ii) does not specify which of UPS's numerous systems constitutes an allegedly infringing "electronic fleet management system."

5

For claims of patent infringement, "most courts have, in the wake of *Twombly* and *Iqbal,* required some level of specificity regarding the accused product, *i.e.,* beyond the generic descriptions such as . . . 'computer chips, motherboards, computers'[]." *Wistron Corp. v. Phillip M. Adams & Assocs., LLC*, 2011 WL 4079231, at *4 (N.D. Cal. Sept. 12, 2011). "Indeed, many courts have even required an *exact identification.*" *Id.* (emphasis added) (citing *Bender v. LG*, 2010 U.S. Dist. 2010 WL 889541, at *12 (N.D. Cal. Mar. 11, 2010) (noting that "[s]everal recent district court cases have held that the factual allegations in a patent infringement complaint must identify the specific products accused"); *Trading Techs. Int'l, Inc. v. BCG Partners, Inc.,* No. 10 C 715, 2011 WL 1748607, at *9 (N.D. Ill. May 5, 2011) (noting that, "[a]t a minimum, the plaintiff must plead which of the defendant's products is at issue").

PJC's Complaint is substantially identical to that in *Medsquire LLC v. Spring Medical Sys. Inc.,* 2011 WL 4101093 (C.D. Cal. 2011). There, the Central District of California dismissed a complaint because, although it identified a "Care360 system," "[i]ts direct infringement allegations against all other Defendants [were] identical except for changing the Defendant's name." *Id.* at 3. Because such an accusation was a threadbare recital of the elements of direct patent infringement, the Court did not need to accept it as true, and thus the complaint was "devoid of any factual allegation to support a plausible claim for relief." *Id.*; *see also Lyda v. FremantlyMedia N. Am.*, No. 10-cv-4773, 2011 WL 2898313, at *3 (S.D.N.Y. July 14, 2011) (identification of "electrical systems" was insufficient because it provided no details about which "electrical systems" are at issue.); *Landmark Tech LLC v. Aeropostale,* 2010 WL 5174954, at *3-4 (complaint

6

dismissed where allegation of infringement by "electric commerce systems" was extremely vague and was unclear as to what "electronic commerce systems" refers).

Here, PJC's Complaint consists of cobbled together boilerplate infringement allegations that neither identify which of UPS's systems are accused of infringement, nor how any such system allegedly infringes the '844 Patent. Rather than identifying the allegedly infringing "systems and methods," PJC simply chooses to accuse "electronic position-based fleet management and tracking systems" for each defendant (*see* D.I. 1 ¶¶ 34-63). The generic allegations in PJC's Complaint are such that they may be levied against each of the hundreds of entities that PJC has sued for infringement of the '844 Patent.

Specifically with regard to UPS, while the Complaint references UPS's "electronic fleet management systems," the Complaint fails to identify any particular fleet management system or the particular aspects or functionality of any particular system that, when made, used, provided, offered to sell, and/or sold, allegedly infringes claims of the '844 Patent. Indeed, UPS, as one of the world's biggest package delivery companies, has a host of such systems.

Even if PJC identified the systems it is accusing of infringement with sufficient particularity, nowhere in the Complaint does PJC "describe the means by which the defendants [and those accused systems] allegedly infringe the patent." *See Phonometrics*, 203 F.3d at 794. According to PJC's Complaint, it is the mere existence of UPS's "electronic position-based fleet management and tracking system[s]" that infringe the '844 Patent. Moreover, PJC does not so much as bother to include

7

particularized allegations of how UPS's system(s) purportedly infringe the '844 Patent (*see* D.I. 1 ¶¶ 64-68). Without substantially more, the bare legal conclusions of paragraphs 64-68 of the Complaint are insufficient to plead a claim for patent infringement (*see id.*).

Thus, the Complaint's "threadbare" legal conclusions against UPS fail to include well-pleaded facts to show that PJC is entitled to relief on any of its claims against UPS. *Iqbal*, 129 S.Ct. at 1949-50. The Court is not bound to accept as true such "naked assertions devoid of further factual enhancement." *Id.* at 1949. Accordingly, the Court should dismiss the Complaint for failure to include factual content that allows the court to draw the reasonable inference that UPS is liable for infringement. *Id.*; *see also Adiscov, LLC v. Autonomy Corp, PLC*, No. 10-cv-218, 2011 WL 326000, at *4 (E.D. Va. Jan. 27, 2011) (granting defendants' motion to dismiss where complaint failed to identify particular products or services alleged to be infringing and merely repeated the same blanket allegations against each defendant.) Because the Complaint fails to include specific facts to "nudge" PJC's purported claim for patent infringement "across the line from conceivable to plausible," it must be dismissed. *Iqbal*, 129 S. Ct. at 1951.

### III. PJC FAILS TO STATE A CLAIM FOR INDUCEMENT OF INFRINGEMENT.

PJC's Complaint also fails because it does not properly plead an inducement claim (see D.I. 1 at ¶¶ 60 and 67). To succeed on a claim of inducement, PJC must first show direct infringement, and then it must show that the alleged infringers "knowingly induced infringement and possessed specific intent to encourage another's infringement including

8

the specific intent to encourage another's infringement." *Symantec Corp. v. Computer Assocs. Int'l, Inc.*, 522 F.3d 1279, 1292 (Fed. Cir. 2008) (citations and internal quotations omitted).  The specific intent necessary to induce infringement "requires more than just intent to cause the acts that produce direct infringement . . . [T]he inducer must have an affirmative intent to cause direct infringement." *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) (en banc).  Thus, "inducement requires *evidence of culpable conduct, directed to encouraging another's infringement*, not merely that the inducer had knowledge of the direct infringer's activities." *Id.* (emphasis added).  This requirement also "necessarily includes the requirement that he or she *knew of the patent*." *Id*. at 1304 (emphasis added).

Here, PJC alleges no facts to show that UPS induced others to infringe claims of the '844 patent (*see, e.g.*, D.I. 1 at ¶¶ 60, 67).  The Complaint includes no particular fact to suggest that anyone at UPS knew of the '844 Patent, encouraged others to infringe claims of the '844 Patent, or exhibited otherwise culpable conduct.  Nor does the Complaint identify *who* was allegedly induced to infringe claims of the '844 Patent (*Id.*).  Moreover, the Complaint does not bother even to separately alleged inducement with regard to each defendant and, instead, lumps together each defendant in a single allegation ("each of the Defendants have been . . . actively inducing the infringement of said patent") (*see id.* at ¶ 67).  Accordingly, PJC has failed to state a cognizable claim for inducement.

Courts considering similar complaints for patent infringement have found such complaints lacking where, as here, the elements of the inducement claim are not

9

supported by any factual allegations. In *AntiCancer Inc. v. Xenogen Corp.*, 248 F.R.D. 278 (S.D. Cal. 2007), for example, plaintiff pled inducement as follows: "Each of the defendants has directly infringed the [ ] Patent and has indirectly infringed the [ ] Patent by contributing to or inducing direct infringements of the [ ] Patent by others." *Id*. at 282 (emendations in original). There, the court granted defendants' motion to dismiss, holding that plaintiff "failed to plead any further facts beyond a bare statement of direct and indirect infringement so as to demonstrate a plausible entitlement to relief . . . ." *Id*. Likewise, in *Pfizer Inc. v. Ranbaxy Labs Ltd.*, 321 F.Supp.2d 612 (D. Del. 2004), the court granted defendants' motion for partial judgment on the pleadings where plaintiffs' theory of induced infringement was not legally viable. The court held, in relevant part, that because plaintiffs made "no factual allegations pertaining to [plaintiff's theory of] inducement," the court was "not persuaded that the Complaint sufficiently states a cognizable claim for inducement of infringement." *Id*. at 618 n. 2.

Like the complaints dismissed in *AntiCancer* and *Pfizer*, PJC's Complaint fails to include any factual allegations pertaining to its theory of induced infringement (to the extent such a theory exists). For these reasons, the Complaint fails to include a plausible claim for induced infringement and should be dismissed.

**IV.    PJC FAILS TO STATE A CLAIM FOR CONTRIBUTORY INFRINGEMENT.**

Like PJC's claim for induced infringement, PJC's claim for contributory infringement against UPS fails to state a claim upon which relief can be granted. (S*ee* D.I. 1 at ¶ 67). Liability for contributory infringement arises when one "sells within the

10

United States . . . a component of a patented machine . . . constituting a material part of the invention, knowing the same to be especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use." 35 U.S.C. § 271(c).  The language of the statute "deals with the material actually sold by the accused and the uses made of it by its purchasers." *Hodosh v. Block Drug Co.*, 833 F.2d 1575, 1578 (Fed. Cir. 1987).

In addition to the reasons previously articulated as to why the Complaint fails to state a claim for induced infringement, any claim for contributory infringement claim also fails because the Complaint does not allege that any of UPS sold a "component" of a patented machine.  The failure to include such an allegation was dispositive in *Hewlett-Packard Co. v. Intergraph Corp.*, where the court granted the defendant's motion to dismiss the contributory infringement claim because plaintiff "fail[ed] to allege that Defendant offered to sell or sold any particular component or that such component was a material part of an infringing device." Civ. No. 03-2517, 2003 WL 23884794, at *2 (N.D. Cal. Sep. 6, 2003).  According to the court, "[t]his is not sufficient to state a claim for contributory infringement." *Id*.  Because the Complaint fails to state a claim for direct infringement, induced infringement, or contributory infringement, the Complaint is deficient and should be dismissed.

## CONCLUSION

For the reasons set forth herein and on the authorities cited, PJC's complaint should be dismissed.

Dated: November 4, 2011

           By: s/ Dennis C. Bremer
            Dennis C. Bremer (MN # 299,182)
            James R. Hietala, Jr. (MN# 386,755)
            Carlson, Caspers, Vandenburgh & Lindquist
            225 South Sixth Street, Suite 3200
            Minneapolis, MN 55402
            (612) 436-9614
            dbremer@ccvl.com
            jhietala@ccvl.com


            OF COUNSEL:

            Robert L. Lee (GA# 443978)
            Matthew W. Howell (GA# 607080)
            Alston & Bird, LLP
            1201 W. Peachtree Street
            Atlanta, Georgia 30309
            (404) 881-7000
            bob.lee@alston.com
            matthew.howell@alston.com

            *Counsel for Defendant UPS Ground Freight, Inc.*