**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

IN RE:  VEHICLE TRACKING AND                    MDL NO. 11-2249
SECURITY SYSTEM ('844) PATENT
LITIGATION

---

PJC LOGISTICS, LLC,

                        Plaintiff,                    Case No. 0:11-cv-02556-DWF-SER

            vs.                                       (Transferred from the Eastern District Court of
                                                      Virginia; Civil Action No. 1:11-cv-00279-
                                                      GBL)

AVERITT EXPRESS, INC., *et al.*

                        Defendants.                   **PLAINTIFF PJC LOGISTICS, LLC'S**
                                                      **REPLY TO COUNTERCLAIMS OF**
                                                      **DEFENDANT FEDERAL EXPRESS**
                                                      **CORPORATION**

        Plaintiff PJC Logistics, LLC ("PJC"), by and through its counsel, hereby submits this

Reply in response to the Answer and Counterclaims of Defendant Federal Express Corporation

("Fedex Express").

<u>**COUNTERCLAIMS**</u>

        1.      Fedex Express is a corporation organized under the laws of Delaware with its

principal place of business at 3610 Hacks Cross Road, Memphis, Tennessee 38125.

        **ANSWER:**    Admitted.

        2.      Upon information and belief, PJC is a limited liability company organized under

the laws of Texas with its principal place of business at 777 Enterprise Drive, Hewitt, Texas

76643.

        **ANSWER:**    Admitted.

1

3.      This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 1367(a), 2201, and 2202, and 35 U.S.C. §§ 1, et. seq.

**ANSWER:** PJC admits that this Court has subject matter jurisdiction for this action only.

4.      PJC has submitted to the personal jurisdiction of this Court.

**ANSWER:**   PJC admits that PJC is subject to the personal jurisdiction of this Court for this action only.

5.      Venue is proper because PJC brought this action and consented to venue.

**ANSWER:**   PJC admits venue is proper for this action only, but PJC denies that it initially brought this action in the U.S. District Court for the District of Minnesota.

<u>COUNTERCLAIM ONE</u>
<u>DECLARATORY JUDGMENT OF NON-INFRINGEMENT</u>

6.      Fedex Express repeats and realleges paragraphs 1-5 above as if fully set forth herein.

**ANSWER:** PJC incorporates by reference its responses to paragraphs 1 through 5 of this Reply as though fully set forth herein.

7.      PJC purports to be the assignee and lawful owner of all right, title and interest in and to the '844 Patent, entitled "Vehicle Tracking and Security System", which issued on June 29, 1993.

**ANSWER:** Admitted.

8.      PJC has sued Fedex Express in the present action, alleging infringement of the '844 Patent.  Thus, an immediate, real and justiciable controversy exists between Fedex Express and PJC with respect to the alleged infringement of the '844 Patent.

**ANSWER:** Admitted.

9.      Fedex Express does not infringe, has not infringed, and does not and has not

induced infringement or contributed to infringement of the '844 Patent under any theory,

including literal infringement or infringement under the doctrine of equivalents.

      **ANSWER:** Denied.

      10.    No claim of the '844 Patent can validly be construed to cover any product made,

used, sold, offered for sale, or imported by Fedex Express.

      **ANSWER:** Denied.

      11.    Fedex Express requests a declaratory judgment that Fedex Express does not

infringe, directly or indirectly, any claim of the '844 Patent.

      **ANSWER:**  PJC denies that Fedex Express is entitled to any such relief.

<u>**COUNTERCLAIM TWO**</u>
<u>**DECLARATORY JUDGMENT OF INVALIDITY**</u>

      12.    Fedex Express repeats and realleges paragraphs 1-11 above as if fully set forth

herein.

      **ANSWER:**  PJC incorporates by reference its responses to paragraphs 1 through 11 of

this Reply as though fully set forth herein.

      13.    An immediate, real and justiciable controversy exists between Fedex Express and

PJC with respect to the invalidity of the '844 Patent.

      **ANSWER:**  Admitted.

      14.    The '844 Patent is invalid for failure to comply with one or more provisions of

Title 35, United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112 and

305.

      **ANSWER:**  Denied.

      15.    Fedex Express requests declaratory judgment that the '844 Patent is invalid.

      **ANSWER:**  PJC denies that Fedex Express is entitled to any such relief.

PJC denies that Fedex Express is entitled to any of the relief sought against PJC in its Prayer for Relief and Counterclaims.  In addition, to the extent necessary, PJC generally denies any allegation in the counterclaims not specifically admitted above, and PJC re-alleges infringement, validity, enforceability, and damages, and denies any allegations in the counterclaims adverse to the same.

## PRAYER FOR RELIEF

WHEREFORE, in addition to the relief requested in its Complaint, Plaintiff PJC respectfully prays that this Court:

A.   Dismiss Fedex Express's Counterclaims in their entirety with prejudice with respect to PJC, with Fedex Express taking nothing thereby;

B.   Deny all of Fedex Express's Counterclaims against PJC;

C.   Award PJC its costs and attorneys' fees incurred in defending against these Counterclaims; and

D.   Award PJC any and all further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: November 16, 2011

*/s/ Steven R. Daniels*
Steven R. Daniels
(*Admitted Pro Hac Vice*)
Texas State Bar No. 24025318
Farney Daniels LLP
800 S. Austin Ave., Suite 200
Georgetown, TX  78626
Telephone: (512) 582-2828
Facsimile: (512) 582-2829
E-mail: sdaniels@farneydaniels.com

**Attorneys for Plaintiff**
**PJC Logistics, LLC**